## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

BARRINGTON MANNERS, SR.,

    Plaintiff/Petitioner,

    v.

MARION FOGAN,
DR. DENITA PORTER,
DR. SCOTT MORAN and
BRIAN C. FROSH,

    Defendants/Respondents.

Civil Action No. TDC-21-1444

## MEMORANDUM ORDER

Plaintiff/Petitioner Barrington Manners, Sr., who is currently detained at the Clifton T. Perkins Hospital ("Perkins") in Jessup, Maryland, has filed both a self-represented Complaint pursuant to 42 U.S.C. § 1983 and a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF Nos. 1, 4. For the reasons set forth below, the allegations in the Complaint of criminal violations will be DISMISSED, Manners will be directed to file an Amended Complaint, and the Petition will be DISMISSED.

## BACKGROUND

In March 2014, Manners was indicted in the Circuit Court for Prince George's County, Maryland for Attempted First Degree Murder, Attempted Second Degree Murder, First Degree Assault, two counts of Second Degree Assault, Reckless Endangerment, and two counts of False Imprisonment arising from a February 13, 2014 incident. On April 30, 2015, he was found incompetent to stand trial. On May 18, 2015, Manners was transferred from the Prince George's County Detention Center to Perkins for treatment. On January 23, 2017, Manners was found to

have "lacked substantial capacity to appreciate the criminality of the conduct or to conform to the requirements of law" at the time of the alleged criminal offense and thus was not criminally responsible. Order for Commitment at 1, ECF No. 8-2. He was committed to the custody of the Maryland Department of Health and Mental Hygiene for in-patient treatment of his mental illness until such time that he was no longer a threat to others.

On June 16, 2021, Manners filed the present Complaint, which the Court construes as asserting a claim under 42 U.S.C. § 1983. On September 2, 2021, in the same case, Manners filed a Petition for a Writ of Habeas Corpus. Respondents filed an Answer to the Petition, and Manners filed a "Motion Objecting to Respondents Motion to Dismiss," ECF No. 9, which the Court construes as a Reply to Respondents' Answer.

## DISCUSSION

### I.   The Complaint

Because Manners is a prisoner suing "a governmental entity or officer or employee of a governmental entity," the Court must screen his Complaint before it may proceed, and the Court must dismiss any part of the Complaint that, as relevant here, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a), (b)(1) (2018). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a *pro se* plaintiff must still carry "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Construed liberally, Manners alleges constitutional violations under 42 U.S.C. § 1983 relating to the conditions of confinement at Perkins, in violation of the Eighth and Fourteenth Amendments to the United States Constitution, and a claim of retaliation for the filing of a lawsuit against Defendant Marion Fogan in the District Court of Maryland for Howard County, in violation

2

of the First Amendment to the Constitution. Manners asserts that on two occasions—on October 3 or 4, 2020, and again from October 17-21, 2020—there was flooding at Perkins and he had to sleep on a cold tile floor, had to share an unsanitary bathroom with others, and was not provided with a shower, change of clothing, or diapers for incontinence. He alleges that these incidents, including the failure to respond properly to the flooding, constituted cruel and unusual punishment in violation of the Eighth Amendment. He further alleges that after filing a lawsuit against Fogan on November 5, 2020 complaining about the conditions of confinement and a lack of adequate medical care, he suffered retaliation in the form of the fraudulent imposition of a $60,000 debt against him in relation to Medicaid services. Finally, he asserts that he was improperly fired from a sanitation job assignment and is owed back wages.

For each of these allegations, Manners has not identified the specific conduct by each defendant that renders that individual liable for the violation. Because there is no vicarious liability for § 1983 claims, *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004), Manners's claims may proceed only if he identifies the individuals responsible for each of these alleged actions. He must therefore provide sufficient facts to show that each named defendant participated in the alleged violations that Manners is asserting against that defendant. Moreover, the allegations in the Complaint are presently insufficient to support a plausible claim that his conditions of confinement constituted cruel and unusual punishment, or that the loss of his job assignment amounted to a constitutional violation or some other violation of law that may be pursued in federal court. Thus, in order for this case to proceed, Manners must file an Amended Complaint in which he provides additional facts in support of his claims. An Amended Complaint replaces the original Complaint. *Young v. City of Mount Rainier*, 238 F.3d 567, 572 (4th Cir. 2001). Accordingly, Manners's

Amended Complaint must include all of the allegations against each of the defendants so that it stands alone as the sole operative complaint.

Manners also alleges a violation of criminal statutes, specifically 18 U.S.C. §§ 241 and 242, which prohibit a criminal conspiracy to violate civil rights and substantive violations of those rights, and 18 U.S.C. § 1513, which prohibits retaliation against a witness, victim, or informant. Because none of these statutes provide a private right of action or civil remedies, Manners has failed to state a claim arising from these laws. *See Doe v. Broderick*, 225 F.3d 440, 448 (4th Cir. 2000) (stating that "criminal statutes do not ordinarily create individual rights" and that they "express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation" (citations omitted)). The Court will therefore dismiss these claims, and Manners may not include them in his Amended Complaint. *See* 28 U.S.C. § 1915A(a), (b)(1).

## II.     Petition for a Writ of Habeas Corpus

In their Answer to the Petition, Respondents assert that the Petition should be denied because (1) Manners failed to sue the correct custodian; (2) he failed to exhaust state remedies; and (3) his confinement is legal. In his Reply, Manners asserts that his civil rights have been violated. As to the Petition, the sole issue to consider is his detention.

As a threshold matter, "the proper respondent to a habeas petition is 'the person who has custody over the petitioner.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). Because Fogan is the Chief Executive Officer of Perkins, she is the proper Respondent to the Petition, not Dr. Denita Porter, Dr. Scott Moran, or Brian C. Frosh. The Court will thus dismiss the Petition as to Porter, Moran, and Frosh.

As for exhaustion of state remedies, in general, a federal petition for a writ of habeas corpus by a state prisoner "shall not be granted unless it appears that . . . the applicant has exhausted the

4

remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to a § 2241 petition); Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts (stating that a district court may apply the rules to a habeas corpus petition not filed under § 2254). Accordingly, before filing the Petition, Manners had to first pursue remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982).

Here, Manners simply asserts that he should be released from confinement. A detainee seeking to challenge detention following a finding of Not Criminally Responsible may request a release hearing through the procedures set forth in the Maryland Code, Md. Code Ann., Crim. Proc. § 3-115 (LexisNexis 2018), and may also file a petition for a writ of habeas corpus in state court, Md. Code Ann., Cts. & Jud. Proc., § 3-702(a) (LexisNexis 2020). Respondents have asserted that Manners has not instituted either state proceeding, and Manners has not disputed this contention. As a result, the Petition will be dismissed without prejudice for failure to exhaust state remedies. *See Timms*, 627 F.3d at 533. To the extent that Manners's habeas claim relies only on an alleged violation of a state regulation rather than any alleged violation of a federal right, he is advised that relief under § 2241 is not available. *See* 28 U.S.C. § 2241(c)(3).

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a habeas corpus petition. Because this Memorandum Order is a final order adverse to Manners, Manners must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1); *see* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner shows that reasonable jurists "would

5

find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Petition is dismissed on procedural grounds, and, upon review of the record, this Court finds that Manners has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Manners may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Any claims in the Complaint, ECF No. 1, under 18 U.S.C. §§ 241, 242, 1513, or any other criminal statutes, are DISMISSED WITH PREJUDICE.

2. Manners is GRANTED leave to file an Amended Complaint as directed above within **28 days** of the date of this Order. Manners is FOREWARNED that if an Amended Complaint is not timely filed, the case will be dismissed without further notice.

3. The Petition for a Writ of Habeas Corpus, ECF No. 4, is DISMISSED as to Respondents Dr. Denita Porter, Dr. Scott Moran, and Brian C. Frosh.

4. The Petition for a Writ of Habeas Corpus, ECF No. 4, is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies.

5. Manners's Motion Objecting to Respondents' Motion to Dismiss, ECF No. 9, is DENIED.

6. The Court DECLINES to issue a certificate of appealability.

7. The Clerk shall PROVIDE a copy of this Order to Manners.

Date: May 12, 2022

THEODORE D. CHUANG
United States District Judge